UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SEGUNDO ONA ONA,

Petitioner,

v.

U.S. GENERAL ATTORNEY/ICE,

Respondents.

No. 1:26-cv-07189-DAD-SCR

ORDER DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND GRANTING RESPONDENT'S MOTION TO LIFT NO TRANSFER ORDER

(Doc. Nos. 1, 8)

On September 8, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and motion for temporary restraining order challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On September 9, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) In addition, the court temporarily enjoined petitioner's transfer or removal in order to maintain the status quo pending the court's forthcoming order resolving petitioner's motion for temporary restraining order. (*Id.*)

/////

On September 11, 2026, respondent filed an opposition to petitioner's motion for temporary restraining order in which it argues that petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a). (Doc. No. 5.) In their opposition, respondents provided evidence that petitioner was ordered removed from the United States on September 2, 2026 and waived appeal. (Doc. No. 5-9 at 1–4.) On October 14, 2026, respondents filed a motion to lift the temporary injunction enjoining petitioner's transfer or removal and clarified that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1231(a)(2). (Doc. No. 8 at 1.) Respondent request that this court dismiss the habeas petition because petitioner is subject to mandatory detention. (*Id.* at 2.)

A removal order becomes administratively final upon waiver of a right to appeal that order to the Board of Immigration Appeals. *Montalvan v. Crawford*, No. 06-cv-02800-PHX-SMM, 2007 WL 162684, at *2 (D. Ariz. Jan. 18, 2007) (finding that a removal order was final immediately upon waiver of right to appeal); *see also Tek v. Immigr. & Customs Enf't Field Off. Dir.*, No. 2:26-cv-00126-RAJ, 2026 WL 791798, at *1–2 (W.D. Wash. Mar. 20, 2026) (finding removal order became final upon waiver of appeal). Detention for the first 90 days following entry of a final removal order is mandatory. *Arango Marquez v. I.N.S.*, 346 F.3d 892, 898 (9th Cir. 2003) ("Detention during the [90-day] removal period is mandatory."). Accordingly, petitioner is currently subject to mandatory detention.

Accordingly, the court will dismiss petitioner's petition for writ of habeas corpus without prejudice to refiling once the mandatory detention period has lapsed if petitioner remains in immigration custody past that date.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is DISMISSED without prejudice to its refiling following the lapse of the ninety-day mandatory detention period set by 8 U.S.C. § 1231(a)(2);
2. Respondent's motion to dissolve the court's temporary order enjoining petitioner's transfer or removal (Doc. No. 8) is GRANTED;

/////

3. The court DISSOLVES its prior order temporarily enjoining petitioner's transfer or removal (Doc. No. 4); and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **October 15, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE